UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRENCE HOLMES | CIVIL ACTION |
| VERSUS | NO. 26-157-SDD-EWD |
| BRANDSAFWAY, LLC | |

# ORDER

Before the Court is the Motion for Leave to File Amended and Restated Complaint and for Remand (the "Motion"),[1] filed by Terrence Holmes ("Plaintiff"). Through the Motion, Plaintiff seeks to add a non-diverse party defendant, Performance Contractors, Inc. ("PCI"), as a defendant in this case. As PCI is alleged to be a Louisiana corporation with its principal place of business in Louisiana, and as Plaintiff is also alleged to be a citizen of Louisiana, the addition of PCI will destroy diversity subject matter jurisdiction.[2] The only currently named defendant, BrandSafway, LLC ("BrandSafway"), has not filed any response to the Motion and the time to do so has passed.[3] The Motion will be granted and the case remanded to Louisiana state court.

Plaintiff originally filed suit in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana for injuries allegedly sustained while Plaintiff was engaged in his duties as an employee of MMR Group, Inc. According to the Petition for

---

[1] R. Doc. 12.

[2] The case was removed to this Court on February 12, 2026 based on diversity subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is alleged to be a Louisiana domiciliary. R. Doc. 1, ¶ 4. BrandSafway unwinds to Brand Industrial Services, Inc., which is alleged to be a Delaware corporation with its principal place of business in Georgia. *Id.* at ¶ 5. Further the amount in controversy is met as the Notice of Removal alleges that Plaintiff's counsel has stated Plaintiff has been unable to work since the accident, which occurred on August 20, 2024, and that Plaintiff's lost wage claim alone exceeds $90,000. *Id.* at ¶¶ 10, 11.

[3] While the Motion represents that Plaintiff's counsel "contacted counsel for Defendant, BrandSafway, who opposes this amendment" (R. Doc. 12, p. 2), no timely opposition memorandum was filed under Local Civil Rule 7(f). Therefore, the Motion is considered unopposed.

Damages, Plaintiff was working on an elevated platform when temporary scaffolding, allegedly constructed by BrandSafway, obstructed Plaintiff's ability to safely descend a ladder, causing Plaintiff to fall to the ground and sustain injuries.[4]

Through the proposed amendment, Plaintiff seeks to add PCI as a defendant. In the proposed Amended and Restated Complaint, Plaintiff alleges that PCI may have constructed the temporary scaffolding at issue, such that PCI may also be liable for his injuries.[5] According to Plaintiff, PCI's joinder is necessary for complete relief and the possibility that separate litigation could result in inconsistent rulings supports amendment.[6] Plaintiff alleges that PCI is a Louisiana corporation with its principal place of business in Louisiana, such that its addition as a defendant will destroy diversity.[7]

Generally, jurisdiction is determined at the time of removal and, once properly established, subsequent events will not divest the court of jurisdiction.[8] Nevertheless, the addition of a nondiverse party is one event that defeats jurisdiction.[9] When a plaintiff's amendment after removal would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies, which provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may ... permit joinder and remand the action to the State court."[10]

---

[4] R. Doc. 1-2.

[5] R. Doc. 12-3, ¶¶ 8, 10, 13, 16.

[6] R. Doc. 12-1, p. 2.

[7] R. Doc. 12-3, ¶ 2(B); R. Doc. 12.

[8] *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (citations omitted).

[9] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987), citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

[10] *Colletti v. United Prop. & Cas. Ins. Co.*, No. 22-4285, 2024 WL 357784, at *2 (E.D. La. Jan. 31, 2024), citing 28 U.S.C. § 1447(e) and *Cobb v. Delta Exps., Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("[P]ost-removal

Courts should freely give leave when justice so requires.[11] While leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend."[12] In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment…."[13]

Here, Plaintiff will be allowed to add PCI as a defendant. Plaintiff's Motion is timely under the Scheduling Order.[14] This is Plaintiff's first time seeking leave to amend his complaint, and there is no evidence of bad faith or dilatory motive. No prejudice has been shown as the only named defendant, BrandSafway, did not oppose the Motion. Further, the amendment does not appear to be futile as Plaintiff alleges PCI may also be responsible for constructing the scaffolding at issue, which he claims caused his injuries. Remand is required, however, because PCI's presence in the case destroys diversity and no other basis for jurisdiction is alleged or apparent. Accordingly,

---

joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable.").

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).

[13] *Rhodes v. Amarillo Hosp. Dist*., 654 F.2d 1148, 1153 (5th Cir. 1981), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[14] R. Doc. 9.

**IT IS ORDERED** that the Motion for Leave to File Amended and Restated Complaint and for Remand,[15] filed by Terrence Holmes, is **GRANTED**. The Clerk of Court is instructed to file the Amended and Restated Complaint[16] into the record of this matter.

**IT IS FURTHER ORDERED** that, because the addition of Performance Contractors, Inc. as a defendant destroys diversity and no other basis for this Court's subject matter jurisdiction is alleged or apparent, this action is **REMANDED** to the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana. The Clerk of Court shall **TERMINATE** this case on the Court's docket.

Baton Rouge, Louisiana on the 24th day of November, 2026.

Shelly D. Dick

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

23rd JDC - Certified

[15] R. Doc. 12.

[16] R. Doc. 12-3.